304 So.2d 839 (1974)
Audrey Louise Dickerson ROBERTS, Plaintiff-Appellant,
v.
James Ardis ROBERTS et al., Defendants-Appellees-Appellant.
No. 12473.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
James E. Franklin, Jr., Shreveport, for plaintiff-appellant.
James B. Wells, Bossier City, for James Ardis Roberts, defendant-appellant.
Goode, Goode & Overdyke by J. Philip Goode, Shreveport, for Curtis L. Parker, defendant-appellee.
Before AYRES, HALL and DENNIS, JJ.
*840 AYRES, Judge.
Plaintiff and the named defendant were formerly husband and wife. Through a petition filed on April 13, 1967, a judgment of final divorce was rendered and signed on November 8, 1967. Thus the community of acquets and gains formerly existing between them was dissolved as of the date of the filing of the action for divorce.
By the present proceeding, the former wife seeks a settlement or liquidation of the affairs and property of the aforesaid community. From a judgment of settlement and liquidation of the community and otherwise decreeing the rights of the parties in the estate, orders of appeal were granted both plaintiff and defendant.
It may be first pointed out that we are charged with the responsibility of determining whether appeals have been properly taken and perfected so as to confer jurisdiction upon this court. In this respect the appellant James Ardis Roberts has not appeared, either personally or through counsel, or by the filing of a brief as required by the Uniform RulesCourts of Appeal, Rule VII, Section 5(b). Hence, the appeal taken by him should be, and it is hereby, dismissed as abandoned.
The issues presented by plaintiff's appeal for resolution concern: (1) the validity of a sheriff's sale of a tract of land upon which a residence, a store building, and a service station were located; (2) the ownership of funds in an account with The First National Bank of Shreveport; (3) the ownership of a camp on Lake Bistineau; and (4) miscellaneous items of alleged community property and the manner of their partitioning, whether in kind or by licitation.
Plaintiff-appellant assigns as error the action of the trial court: (1) in failing to recognize her as the owner of an undivided interest in the real estate hereinabove referred to or (2) in failing to declare her the owner of the funds on deposit with The First National Bank of Shreveport or, in the alternative, that such funds were the property of her mother, Mrs. Vivian Dickerson Culpepper; (3) in ordering plaintiff to reimburse defendant the sum of $375.00 for alleged community funds purportedly used by her to purchase separate property; and (4) in awarding defendant the total sum of $7,780.00 as allegedly owed him individually by the community of acquets and gains formerly existing between plaintiff and defendant.
The first assignment of error relates to the sheriff's sale of the property, hereinabove noted, to the defendant Curtis L. Parker. The property was sold on December 13, 1967, under a mortgage held by Parker. Thereafter, Parker reconveyed the property to defendant James Ardis Roberts on credit and for Roberts' note and mortgage covering the property in the sum of $12,000.00. Mrs. Roberts contended that the sale was invalid as depriving her of her interest therein through fraud and a conspiracy conducted by defendants, Roberts and Parker. Both Roberts and Parker testified that there was no conspiracy or prior deal or understanding between them whereby Parker agreed to transfer the property to Roberts after the sale. Parker, as the foreclosing mortgage creditor, bid the property in for an amount in excess of the indebtedness. Mrs. Roberts was awarded her half of this excess, viz., $1,794.42, and received the benefit of having the mortgage extinguished. The resale of the property by Parker to defendant Roberts was for a valuable consideration, Roberts' promise and obligation to pay the sum of $12,000.00 therefor.
The proof is insufficient to establish either fraud or a conspiracy on the part of defendant Roberts or of defendant Parker, or that plaintiff was in any way taken advantage of. We find no basis upon which it could be determined that the trial court erred with respect to this item.
We conclude, however, that the trial court erred in holding that one-half of the funds on deposit with The First National *841 Bank of Shreveport was community property and in recognizing defendant Roberts as the owner of one-half of that one-half, or one-fourth of the total deposit. The trial court erroneously found that a federal credit-union account, from which the funds on deposit in the bank were derived, was the joint account of Mrs. Roberts and her mother, Mrs. Vivian Dickerson Culpepper, and, relying on a presumption that property in the name of a spouse at the termination of a community is presumed to be community property, found that Mrs. Roberts had failed to bear her burden of proving otherwise.
This deposit in the bank was made on January 3, 1968, or almost eight months after the divorce suit was filed, terminating the community, and almost two months after the judgment of divorce was granted. Two days before the previously discussed sheriff's sale, the credit-union account was closed. Two checks were issued by the union to Mrs. Roberts' mother, who turned the checks over to Mrs. Roberts, who planned to use the money to pay off the mortgage note or to buy the property at the sheriff's sale. When these purposes were not accomplished, the money was deposited in The First National Bank in the name of Mrs. Roberts' son. Mrs. Roberts continued to hope that she would be able to salvage the property.
In carefully considering the nature of the credit-union account, the conclusion is inescapable that it was the mother's account. Although the account was in the name of both the mother and the daughter, the testimony of the treasurer of the federal credit union was that the funds were always deposited by Mrs. Vivian Dickerson Culpepper and that the purpose of showing Mrs. Robert's name was to constitute Mrs. Roberts as the beneficiary in case of the mother's death.
Although the mother's testimony is somewhat vague as to the source of the money going into the account, the evidence establishes that she worked, although on a small salary, for 25 years, and that she had received money from her son over a period of years.
Defendant Roberts' theory is that Mrs. Roberts abstracted money from time to time from the store business and gave it to her mother to put into this account. There is no proof of this alleged fact, which can only be predicated upon speculation and conjecture.
Moreover, if it could be said that the mother and the daughter were joint owners of the account, the interest of Mrs. Roberts would, in that event, constitute her separate property as a gift from her mother. Donations made to a certain spouse are separate property. LSA-C.C. Art. 2334. Defendant Roberts' demands for a share or interest in the property have not been established.
From the above-stated conclusion, a reversal of the judgment and a rejection of defendant Roberts' claims on the account are in order as is a dissolution of the injunction granted with respect thereto.
In regard to the Lake Bistineau property, the trial court rejected defendant Roberts' claim of ownership of the property but awarded him the sum of $375.00 as his half of the community funds used to purchase the property. The record supports the judge's conclusion that this property was not community property. It was purchased by the wife after the dissolution of her marriage to the defendant. We conclude, therefore, that the court erred in awarding defendant the sum of $375.00 as his half of the purported community funds used to purchase the property. The funds, as we have heretofore pointed out, were not community funds. They came from the same source as the First National Bank account which, we have concluded from the evidence, did not constitute assets of the community existing between plaintiff and defendant Roberts.
Plaintiff finally complains of the allowance of the total net sum of $7,780.00 as *842 allegedly found by the court to be due defendant by the community. This item is not mentioned by plaintiff other than in the specification of errors. The trial court, however, in disposing of this item, made these observations from the record:
"Defendant testified that when he and plaintiff married he owned land on Highway 80 in Bossier Parish, a house and lot at Dixie Inn in Webster Parish, three acres with a house on it at McIntyre in Webster Parish, and a child's part in land left by his deceased father.
"Defendant admitted owing approximately $3,000.00 on three (3) notes made in 1961, some or all secured by mortgage on his Highway 80 property, which he paid after the marriage.
"He sold the three acres at McIntyre for $4,000.00 and borrowed $6,500.00 from Curtis Parker, bought out his brother at Bellevue, and went in business there after the marriage.
"He admitted owing $200.00 to $300.00 on the house and lot at Dixie Inn when he married, which amount he paid in 1962.
"He admitted putting an imitation brick front on his store building on U. S. Highway 80 after the marriage at a cost of $440.00.
"Defendant left the Bellevue store on January 18, 1967, and plaintiff kept it open for another 30 days and continued to live in the residence portion in the rear of the store for a number of months.
"Defendant sold four (4) acres of his separate property on Highway 80 to the Louisiana Department of Highways for $6,400.00 and paid $5,250.00 of this on the mortgage note held by Curtis Parker for a community debt. He said he put the balance into the business. This was in April of 1966.
"Defendant sold $600.00 worth of timber off his separate property on Highway 80 in about 1964 and used this money in the business.
"Defendant bought a house trailer in 1961 and sold it for $500.00 in 1962 after the marriage. He testified he also had a cattle trailer when he married, which he sold for $100.00 after his marriage. These funds went into the business or were commingled with other community funds.
"On February 18 and 19, 1967, defendant purchased merchandise at Sears in Shreveport, Louisiana, for a total price of $2,327.25, on which credit purchase he made two $65.00 payments, or $130.00, before April 13, 1967."
The above transactions noted by the trial court indicate that the defendant used community funds to pay his separate debts or enhance his separate property in an amount equaling $3,820.00. These actions further signify, however, that he sold separate property valuing $11,600.00 and put this either on community debts or into the community business. Our independent research discloses no error with respect to these items, the difference of which constitutes the total net sum of $7,780.00 awarded to defendant in the judgment of the trial court.
For the reasons herein assigned, the judgment appealed is amended and recast to read as follows:
It is ordered, adjudged, and decreed that the demands of plaintiff, Audrey Louise Dickerson Roberts, against the defendants, James Ardis Roberts and Curtis L. Parker, with reference to the alleged nullity of the sheriff's sale be, and they are hereby, rejected;
That plaintiff, Audrey Louise Dickerson Roberts, and defendant James Ardis Roberts be, and they are hereby, decreed owners in equal proportions of the sale price thereof exceeding the indebtedness and cost for which it was sold;
That the demands of defendant James Ardis Roberts with respect to the funds on *843 deposit in The First National Bank of Shreveport be, and they are hereby, rejected and that the injunction issued in connection therewith be, and it is hereby and now, dissolved;
That the demands of the defendant James Ardis Roberts with respect to the ownership of one-half interest in the camp house on Lake Bistineau be, and they are hereby, rejected, as are his demands upon plaintiff to account for and reimburse defendant the sum of $375.00 expended in connection with the purchase thereof;
That the bank account with the Bossier Bank and Trust Company in the name of Mr. and Mrs. James A. Roberts under Account 5684 be, and it is hereby, declared to be community property, to which the plaintiff and the defendant are each entitled to one-half thereof;
That the bank account with the Minden Bank & Trust Co. in the name of Johnny Wayne Dickerson Roberts or Mrs. James A. Roberts be, and it is hereby, declared to be community property of the community of acquets and gains existing between plaintiff and defendant and to which each is entitled to one-half thereof;
That defendant James Ardis Roberts account to the community of acquets and gains formerly existing between him and his wife in the sum of $100.00 for merchandise in the store owned and operated by them, which merchandise was utilized by the defendant Roberts;
That pursuant to the aforesaid calculations the total amount due the community of acquets and gains by defendant James Ardis Roberts, as a result of the enhancement of his separate estate with community funds, be, and it is hereby, declared to be the sum of $3,820.00;
That pursuant to the aforesaid calculations the total amount due the defendant as reimbursement by the community of acquets and gains for community debts paid with defendant's separate property be, and it is hereby, declared in the sum of $11,600.00.
That all movable property belonging to the community formerly existing between plaintiff and defendant be ordered partitioned by licitation and the proceeds disbursed in accordance with law.
It is further ordered, adjudged, and decreed that the cost of this proceeding be borne by the community formerly existing between plaintiff and defendant or, in the alternative, taxed in equal proportions to plaintiff and defendant individually.
Amended and affirmed.